**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-2405**

---

GULF & WESTERN INDUSTRIES; OLD REPUBLIC INSUR-
ANCE COMPANY,

                                     Petitioners,

       versus

GEORGE LING, JR.; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPART-
MENT OF LABOR,

                                    Respondents.

---

On Petition for Review of an Order of the Benefits Review Board.
(00-296-BLA, 00-296-BLA-A)

---

Submitted: April 20, 2001           Decided: May 2, 2001

---

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Mark E. Solomons, Laura Metcoff Klaus, ARTER & HADDEN, L.L.P., for
Petitioner. Judith E. Kramer, Acting Solicitor of Labor, Donald S.
Shire, Associate Solicitor, Christian P. Barber, Counsel for Appel-
late Litigation, Helen H. Cox, UNITED STATES DEPARTMENT OF LABOR,
Washington, D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gulf & Western Industries seeks review of the Benefits Review Board's decision and order affirming the administrative law judge's decision awarding payment of medical benefits pursuant to 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 2000). Our review of the record discloses that the Board's decision complies with our direction on remand of this case, see Gulf & Western Indus. v. Ling, 176 F.3d 226 (4th Cir. 1999), and that it is based upon substantial evidence and is without reversible error. Accordingly, we affirm on the reasoning of the Board.[*] See Gulf & Western Industries v. Ling, Nos. 00-0296-BLA; 00-0296-BLA-A (Sep. 27, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We have considered the recent revisions to the regulations implementing the Black Lung Benefits Act, see Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969, as amended; 65 Fed. Reg. 79,919 (Dec. 20, 2000), and have determined that the revisions do not affect the outcome of this case. We therefore deny Gulf & Western's motion to place this case in abeyance pending the outcome of litigation challenging the retroactive application of the revised regulations.